UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

MICHAEL WAYNE COUCH,

      Plaintiff,

v.

COMMONWEALTH ATTORNEY'S
OFFICE OF CLAY COUNTY, *et al*.,

      Defendants.

No. 6: 23-CV-96-REW

MEMORANDUM OPINION
AND ORDER

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Michael Wayne Couch is currently confined at the Clay County Detention Center ("CCDC") located in Manchester, Kentucky. Proceeding *pro se*, Couch filed a Complaint under 42 U.S.C. § 1983 (DE 1) and a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915 (DE 3).

The Court has reviewed Couch's fee motion, DE 3, and the financial information submitted in support, *see* DE 4 (Prisoner Trust Fund Account Statement), and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Couch has been granted *pauper* status in this proceeding, the $52.00 administrative fee is waived. *See* District Court Miscellaneous Fee Schedule § 14.

Because the Court has granted Couch permission to proceed without prepayment of the filing fee, the Court must conduct a preliminary review of his Complaint pursuant to 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997). Couch's

1

Complaint is evaluated under a more lenient standard because he is not represented by an attorney. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

Couch's Complaint seeks to bring constitutional claims against Defendants Gary Gregory (Commonwealth Attorney for Clay County), Harold Rader (the Assistant Commonwealth Attorney for Clay County), Dusty Grubb (a former youth pastor/teacher at the Manchester Baptist Church), and Ken Bolin (the pastor at the Manchester Baptist Church). *See* DE 1 at 1–2. According to Couch, Grubb engaged in inappropriate sexual conduct with members of the Manchester Baptist Church youth group while Grubb was the youth pastor. *See id*. at 2. Couch further claims that Bolin went to Gregory seeking to have Grubb indicted and was told "that if he liked his job to shut his mouth and never open it again." *Id*. at 2. Couch claims that Grubb "continued to prey on children for years," until a victim recently came forward and molestation allegations were investigated by the Kentucky State Police. *Id*. Couch further claims that Detective Royal "investigated and put the matter before the Clay County Grand Jury where Gary Gregory and Harold Rader once more failed to return an indictment." *Id*. at 2–3. Couch also alleges that Bolin paid parents of victims to keep Grubb's crimes secret and that the Defendants collectively conspired to have Detective Royal transferred to a different Kentucky State Police post after he investigated the matter. *Id*. at 3. Couch contends that this was "a message to anyone that the White family runs Manchester, which [Grubb] is a member of, and no one messes with the Whites." *Id*.

Based on these allegations, Couch seeks to bring claims against Defendants for violations of the First, Sixth, Eighth, and Fourteenth Amendments, apparently on behalf of the victims. *Id*. at

4 (claiming violations of the First Amendment "when these kids['] voices were not heard," the Sixth Amendment "when Gary Gregory and Harold Rader did not defend them," the Eighth Amendment "when they were made out to be liars and made to suffer embarrassment and humiliation," and the Fourteenth Amendment, "when they were treated as less than human").  As relief, Couch requests that he "want[s] a trial and these children of Clay County compensated for their suffering. $10 million dollars for every child molested. I couldn't list them all because some are underage." *Id*. at 8.

However, Couch's Complaint will be dismissed for failure to state a claim for which relief may be granted. First, Couch may not pursue constitutional claims against Grubb and Bolin, because both are private individuals and, as such, neither acts "under color of state law" as required to state a viable civil rights claim. *See Rhinehart v. Scutt*, 894 F.3d 721, 735 (6th Cir. 2018). The conduct of private individuals, even if discriminatory or wrongful, is not actionable under § 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 119 S. Ct. 977, 988 (1999).

Nor may Couch pursue constitutional claims related to his allegations that Gregory and Rader failed to adequately investigate and/or obtain an indictment of Grubb. Couch, as a private citizen, lacks a judicially cognizable interest in the criminal prosecution of another and, thus, cannot assert a civil claim on these grounds. *See Linda R.S. v. Richard D.*, 93 S. Ct. 1146, 1149 (1973); *Chrysler Corp. v. Brown*, 99 S. Ct. 1705, 1725 (1979) (internal quotation marks omitted) ("[T]his Court has rarely implied a private right of action under a criminal statute, and where it has done so there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.").

Moreover, Couch's claims against Gregory and Rader in their respective individual capacities as prosecuting attorneys are barred by the absolute prosecutorial immunity enjoyed by

3

prosecutors for their actions central to the judicial proceeding against defendants. *See Van de Kamp v. Goldstein*, 129 S. Ct. 855, 860–61 (2009); *Imbler v. Pachtman*, 96 S. Ct. 984, 992 (1976); *Adams v. Hanson*, 656 F. 3d 397, 401–03 (6th Cir. 2011). Couch does not make any allegation that either Gregory or Rader engaged in any conduct unrelated to the actual or potential judicial proceedings against Grubb and, thus, they are entitled to immunity for their conduct.

Finally, even if Couch's Complaint alleged a viable constitutional claim, he makes clear that he is not pursuing these claims on his own behalf, but rather on behalf of the alleged victims. *See* DE 1 at 4 (listing alleged violations of the victims' constitutional rights); *id.* at 8 (seeking to recover monetary damages on behalf of each child allegedly molested). However, as a non-attorney, Couch may only pursue claims on his own behalf; he may not pursue claims seeking to vindicate the rights of others. *See* 28 U.S.C. § 1654, ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). The Sixth Circuit has consistently interpreted § 1654 "as prohibiting *pro se* litigants from trying to assert the rights of others." *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) (collecting cases); *see also Crawford v. United States Dep't of Treasury,* 868 F.3d 438, 455 (6th Cir. 2017) (quoting *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999)) ("Generally, 'a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'"). The rule against non-lawyer representation applies for good reason, as it "protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Olagues*, 908 F.3d at 203 (quoting *Bass v. Leatherwood*, 788 F.3d 228, 230 (2015)). Thus, "while a pro se plaintiff can 'squander'

his own rights, he cannot waste the rights of other persons or entities." *Id*. For these reasons, as a "pro se" litigant, Couch may only pursue claims on his own behalf.

For the reasons stated herein, the Court dismisses Couch's Complaint on initial screening for failure to state a claim for which relief may be granted.

Accordingly, the Court **ORDERS** as follows:

1. The Court **GRANTS** DE 3, Couch's motion to proceed *in forma pauperis*. Under 28 U.S.C. § 1915(b)(1), a prisoner-plaintiff is required to pay the $350.00 filing fee for a civil action as set forth below:

    a. Within **thirty (30) days** from the date of this Order, Couch must pay **$59.70** to the Clerk of the Court as an initial partial filing fee. 28 U.S.C. § 1915(b)(1)(A);

    b. The Clerk of the Court shall open an account in Couch's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Couch's name, (b) Couch's inmate registration number, and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Couch is currently confined and upon the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky; and

    c. Each month Couch's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2);

5

2. The Court **DISMISSES** DE 1, Couch's Complaint for failure to state a claim for which relief may be granted;

3. The Court **DIRECTS** the Clerk to **STRIKE** this matter from the Court's docket; and

4. Judgment shall be entered contemporaneously herewith.

This the 26th day of June, 2023.

**Signed By:**

**_Robert E. Wier_**

**United States District Judge**